## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:      MARK A. SHUBERT

Debtor.

Case No. 3:17-bk-32823-SHB
Chapter 7

### OBJECTION TO MOTION OF TRUSTEE TO LIST
### AND SELL PROPERTY FREE AND CLEAR OF LIENS

Comes now the creditor, Harry Christopher Wampler, by and through his attorney, Stanley F. Roden, to object to the motion by the Trustee, Ann Mostoller, to sell the real property of debtors free and clear of liens upon the following grounds:

1. Citizens Bank has a first mortgage on all real property of the estate including one of two contiguous lots with the exception of a vacant lots. The lot encumbered by Citizen Bank is identified as Tax Map 20D, Group A, Parcel 22. This parcel fronts on U. S. Highway 321.

2. The creditor, Harry Christopher Wampler holds a first mortgage on the adjoining lot known as Tax Map 20D, Group A, Parcel 30. This parcel fronts Northside Drive. The creditor, Harry Christopher Wampler also has a second mortgage behind Citizens Bank on Parcel 22.

3. Citizen Bank has filed a proof of claim for a secured amount of $733,000.

4. The creditor, Harry Christopher Wampler, has filed a proof of claim for the amount of $227,476.74.

5. Neither proof of claim has been objected to.

6. Citizens Bank claims a value as to its three tracts for $733,000. Citizens Banks admits that it is undersecured on its collateral by $42,324.68.

7. The creditor, Harry Christopher Wampler claims a value of $527,000 on tax parcel 30.

8. The total amount of secured claims on all of the real property of the estate is $1,002,801.42.

9. In paragraph 4 of the Trustee's motion the Trustee proposes that the property be sold and "Citizens Bank be satisfied" even though Citizens Bank in its claim admits that its secured property cannot be totally satisfy its claim.

10. In paragraph 3 and 4 of the Trustee's motion the Trustee asserts without the stating of any facts that lien of the creditor may be avoidable.

11. The Trustee will admit that if granted this motion, she cannot sell all of the real property for any amount in excess of $1,002,801.42.

12. This free and clear sale can only be successful if the Trustee avoids the lien of the creditor, Harry Christopher Wampler, otherwise the real property of the estate has absolutely no value to the estate and should be abandoned by the Trustee.

13. The creditor, Harry Christopher Wampler further objects that he is being treated unfairly as a secured creditor because the Trustee proposes to pay Citizens Bank in full for real property that it admits it is undercollateralized in value to loan, while the creditor, Harry Christopher Wampler has a fully protected security interest in his collateral in which the value exceeds the amount of the payoff of the loan.

14. The Trustee sates that she is not aware of any other liens, but there is a lien filed against the corporation "Shubert Motor Sales, Inc." on August 7, 2017, in Lien Book 48, Page 608, Register's Office, Loudon County, Tennessee that may impact this sale.

**RESPECTFULLY SUBMITTED** this the 26th day of January, 2018.

By: *[signature]*
Stanley F. Roden, BPR 7128
Attorney for Harry Christopher Wampler
10269 Kingston Pike
Knoxville, TN 37922
(865) 531-6151
stan@srodenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Objection has been sent to the Chapter 7 Trustee, Ann Mostoller and Tracey Vought Williams; the attorney for the Debtor, Wade M. Boswell; Gordon D. Foster, attorney for Citizens Bank and Tiffany Diiorio, Attorney for U.S. Trustee, electronically by ECF this the 26th day of January, 2018.

*[signature]*
Stanley F. Roden, #7128

Via Electronic/ECF Mail
Ann Mostoller
Tracey Vought Williams
Chapter 7 Trustee
via email - twilliams@msw-law.com

Wade M. Boswell
Attorney for the Debtor
w@wmb-knoxlaw.com

Tiffany Diiorio
Attorney for U.S. Trustee
Tiffany.Diiorio@usdoj.gov

Gordon D. Foster
Attorney for Citizens Bank
gfoster@wsfs-law.com

United States Trustee
ustpregion08.kx.ecf@usdoj.gov